FILED
2009 Dec-11 AM 10:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYAN D. BURCH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number: **2:09-CV-1640-SLB** |
| ) | |
| **PJ CHEESE, INC.,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is presently before the court on defendant's Motion to Stay the Proceedings and Compel Arbitration, (doc. 4),[1] and its Motion for Preliminary Discovery, (doc. 6). For the reasons set forth below, defendant's Motion to Stay the Proceedings and Compel Arbitration, (doc. 4), is due to be denied and its Motion for Preliminary Discovery, (doc. 6), is due to be denied as moot.

### I.  MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION

### A.  STANDARD OF REVIEW

Congress enacted the FAA to reverse longstanding judicial hostility toward arbitration agreements and to place them upon the same footing as other contracts. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225-26 (1987).

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Congress' preeminent goal in passing the FAA "was to enforce private agreements into which parties had entered." *Mitsubishi Motors Corp. v. Soler Chrysler- Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). The FAA "makes a written agreement to arbitrate 'in any maritime transaction or a contract evidencing a transaction involving commerce . . . valid irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Mitsubishi Motors*, 743 U.S. at 625 (quoting 9 U.S.C. § 2). "The FAA also provides for stays of proceedings in federal district courts when an issue in a proceeding is referable to arbitration, § 3, and for orders compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement, § 4." *Gilmer*, 500 U.S. at 25. The Supreme Court has declared that these provisions manifest a "liberal federal policy favoring arbitration agreements." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

"The FAA puts arbitration clauses on even footing with all other clauses in a contract." *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1061 (11th Cir. 1998) (special concurrence of Cox, Circuit Judge, for the majority of the court). Arbitration clauses "are therefore interpreted according to ordinary state-law rules of contract construction." *Id.* "When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). The sales contract provides


that Alabama state law should be used in construing and applying the terms of the contract. (*See* Mot. Compel, Ex. A at 2.)  Under Alabama law, the requisite elements of a contract are offer, acceptance, consideration, and mutual assent to the terms essential to the formation of a contract.  *Southern Energy Homes, Inc. v. Hennis*, 776 So. 2d 105, 108 (Ala. 2000).

The parties' burdens on a motion to compel arbitration resemble the parties' burdens on a motion for summary judgment.  *See Kenworth of Birmingham, Inc. v. Langley*, 828 So. 2d 288, 290 (Ala. 2002); *Allied-Bruce Terminix Co's. v. Dobson*, 684 So. 2d 102,108 (Ala. 1995)(citing *Par-knit Mills, Inc. v. Stockbridge Fabric Co.*, 636 F. 2d 51, 54 n.9 (3rd Cir. 1980)); *see also In re Knepp*, 229 B.R. 821, 835 (N.D. Ala. 1999)(citing 4 Am. Jur. 2d *Alternative Dispute Resolution* § 122 (1995)("Generally, the burden is on the movant to demonstrate to the court that the dispute is arbitrable.").  A party seeking to compel arbitration must proffer a contract containing a written arbitration agreement and demonstrate that the underlying contract evidences a transaction affecting interstate commerce. *Kenworth of Birmingham*, 828 So. 2d at 290; *see also In re Knepp*, 229 B.R. at 835 (noting that the movant bears the burden to demonstrate by clear and unmistakable evidence that an agreement to arbitrate existed between the parties).  If the party seeking to compel arbitration establishes the above-referenced elements, then the burden shifts to the opposing party to present evidence that the arbitration agreement is not valid or that it does not apply to the dispute in question.  *Kenworth of Birmingham*, 828 So. 2d at 290.

**B. STATEMENT OF FACTS**

Plaintiff was initially employed by defendant from about 1999 until August 2007. (Doc. 8, Ex. A ¶1). He was rehired in September 2007. (*Id*. ¶ 12.)

Defendant contends that it "has adopted a Dispute Resolution Program for all [its] employees," and that "All [its] employees must agree to the arbitration program as a condition of their employment." (Doc. 4, Att. at 1.) Defendant has submitted the Agreement and Receipt for Dispute Resolution Program that plaintiff allegedly signed on October 30, 2001. (*Id*., ex. 1.) Plaintiff denies signing the Agreement on October 30, 2001, or after he was rehired. (Doc. 8, Ex. A ¶¶ 2, 13.)

The Agreement provides, "In signing this Agreement, both the Company and [the employee] agree that all legal claims or disputes covered by the Agreement must be submitted to binding arbitration and that this binding arbitration will be the sole and exclusive final remedy for resolving any such claim or dispute." (Doc. 4, Ex. 2 at 1.) It also states, "This Agreement to arbitrate shall survive the termination of my employment." (*Id*. at 2.)

The parties do not dispute that defendant's business involves interstate commerce. (Doc. 4, Att. at 1; doc. 8 at 2 n.1.)

**C. DISCUSSION**

"[A] party ordinarily will not be 'compelled to arbitrate unless [it] has entered into an agreement to do so.'" *World Rentals and Sales, LLC v. Volvo Const. Equipment Rents, Inc.*,

4

517 F.3d 1240, 1244 (11th Cir. 2008)(quoting *Employers Ins. of Wausau v. Bright Metal Specialties*, 251 F.3d 1316, 1322 (11th Cir. 2001)). When a party denies signing an agreement to arbitrate, the court applies the following procedure:

> Under normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration. *See T & R Enters. v. Continental Grain Co.,* 613 F.2d 1272, 1278 (5th Cir. 1980). Under such circumstances, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract ***in general****. See Prima Paint* [*Corp. v. Flood & Conklin Mfg. Co.*], 388 U.S. [395,] 403-04 [(1967)]. Because the making of the arbitration agreement ***itself*** is rarely in issue when the parties have signed a contract containing an arbitration provision, the district court usually must compel arbitration immediately after one of the contractual parties so requests. *Id.*
>
> The calculus changes when it is undisputed that the party seeking to avoid arbitration has not signed any contract requiring arbitration. In such a case, that party is challenging the very existence of ***any*** agreement, ***including the existence of an agreement to arbitrate***. Under these circumstances, there is no presumptively valid general contract which would trigger the district court's duty to compel arbitration pursuant to the Act. If a party has not signed an agreement containing arbitration language, such a party may not have agreed to submit grievances to arbitration at all. Therefore, before sending any such grievances to arbitration, ***the district court itself*** must first decide whether or not the non-signing party can nonetheless be bound by the contractual language. *See Cancanon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998, 1000 (11th Cir. 1986)(per curiam)("[W]here the allegation is one of . . . ineffective assent to the contract, the issue [of arbitrability] is not subject to resolution pursuant to an arbitration clause contained in the contract documents.").
>
> In cases of this type, the proper rule has been stated by our predecessor court:
>
>> "To make a genuine issue entitling the [party seeking to avoid arbitration] to a trial by jury [on the arbitrability question], an

> unequivocal denial that the agreement had been made [is] needed, and some evidence should [be] produced to substantiate the denial."
>
> *T & R,* 613 F.2d at 1278 (quoting *Almacenes Fernandez, S.A. v. Golodetz,* 148 F.2d 625, 628 (2d Cir. 1945)); *see also Cancanon,* 805 F.2d at 1000-01 (finding that the party desiring a trial on the enforceability of an arbitration agreement met the burdens under the *T & R* test).

*Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992)(footnote omitted; emphasis in original).

In this case, plaintiff has submitted his sworn affidavit that he did not sign the Agreement. (Doc. 8, Ex. A ¶ 2.) A cursory comparison of the signatures on plaintiff's Affidavit, (*id.* at 5), and his EEOC Charges, (doc. 1, Exs. A and B), with the signature on the Agreement, (doc. 4, Att., ex. 1), shows that the signature on the Agreement is unlike the signatures on the Affidavit and the EEOC Charges. Therefore, the court finds, at this stage of the proceedings, plaintiff is entitled to a trial on the arbitrability question.[2] *Chastain*, 957 F.2d at 854.

Defendant's Motion to Stay the Proceedings and Compel Arbitration, (doc. 4), will be denied.

---

[2]The court notes that plaintiff argues, in the alternative, that he did not sign a new arbitration agreement after he was rehired and, therefore, he cannot be compelled to arbitrate any claims that arose after he was rehired. This argument is without merit. The Agreement specifically provides, "This Agreement to arbitrate shall survive the termination of my employment." (Doc. 4, Ex. 2 at 2.) Therefore, should defendant persuade the finder of fact that plaintiff agreed to arbitrate his claims against defendant, plaintiff's claims, whether arising before or after September 2007, would be subject to arbitration.

**B. DEFENDANT'S MOTION FOR PRELIMINARY DISCOVERY**

Defendant has filed a Motion "ask[ing] the court to order plaintiff to respond to . . . two requests for admission." (Doc. 6 at 1.) It wants plaintiff to admit that defendant's business is involved in interstate commerce and that he signed the Agreement and Receipt for Dispute Resolution Program. (*Id*. at 1-2.)

In his Response to defendant's Motions, plaintiff concedes that "at the relevant times [defendant] was involved in interstate commerce within the meaning of the Federal Arbitration Act." (Doc. 8 at 2 n.1.) However, he denies signing the Agreement. (*Id*. ¶ 2 and Ex. A ¶ 2.)

Because plaintiff has responded to defendant's Requests for Admission set forth in its Motion for Preliminary Discovery, defendant's Motion for Preliminary Discovery, (doc. 6), is due to be denied as moot.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are material facts in dispute and defendant is not entitled to an Order compelling arbitration of plaintiff's claims. As plaintiff has responded to its Requests for Admission, defendant's Motion for Preliminary Discovery is moot. An Order denying defendant's Motion to Stay the Proceedings and Compel Arbitration, (doc. 4), and denying as moot its Motion for Preliminary Discovery, (doc. 6), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 11th day of December, 2009.

                                         */s/ Sharon Lovelace Blackburn*
                                         SHARON LOVELACE BLACKBURN
                                         CHIEF UNITED STATES DISTRICT JUDGE