FILED
 2011 Jan-21 PM 04:18
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYAN D. BURCH,** | } |
| | } |
| Plaintiff, | } |
| | } |
| vs. | }   CASE NO. 2:09-cv-1640-SLB |
| | } |
| **P. J. CHEESE, INC.,** | } |
| | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

This case is currently before the court on third-party deponent Monica Williams's ("Ms. Williams") Objection to Deposition Notice and Motion for Protective Order, (doc. 37),[1] filed November 11, 2010. In the Motion, Ms. Williams "moves the Court for a protective order requiring plaintiff to work with [Ms.] Williams to find a mutually agreeable date for her deposition." (*Id.* at 2.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the Motion, (doc. 37), is due to be denied.[2]

Ms. Williams is the former Human Resources Director for defendant. On October 25, 2010, counsel for plaintiff emailed counsel for defendant regarding, *inter alia*, the last

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Plaintiff filed his Response in Opposition to Objection to Deposition Notice and Motion for Protective Order, (doc. 38), on November 12, 2010. The court held a hearing on the Motion, (doc. 37), on December 17, 2010. The facts set forth herein that are not supported by specific citation to record evidence are based on representations made to the court, on the record, by counsel for plaintiff and counsel for defendant at the hearing of December 17, 2010.

known address and phone number of Ms. Williams, which was originally requested by plaintiff's counsel on August 12, 2010.  (Doc. 38-3 at 3.)  In the email, plaintiff's counsel asked defendant's counsel to let him know "which of the persons listed in the above paragraph you will take service for, and when they are available."  (*Id.*)  Ms. Williams was one "of the persons listed in the above paragraph."  (*Id.*)  On October 26, 2010, counsel for defendant responded to plaintiff's counsel's email of October 25, 2010 and stated that "I can accept a deposition notice for Monica."  (Doc. 38-4 at 2.)  Thereafter, on November 3, 2010, plaintiff noticed the deposition of Ms. Williams for 9:00 a.m. on Tuesday, November 9, 2010, at plaintiff's counsel's office located at 2015 First Avenue North, Birmingham, Alabama 35203.  (Doc. 34.)

On November 9, 2010, Ms. Williams did not appear for her scheduled deposition.  At the deposition of McCain Gallaher, which was scheduled for November 9, 2010, "immediately following" the deposition of Ms. Williams, (*see* doc. 35), defendant's counsel provided plaintiff's counsel with Ms. Williams's phone number.  (*See* doc. 38-4 at 4.)  That same day, November 9, 2010, counsel for plaintiff called Ms. Williams at the telephone number provided by counsel for defendant.  (*Id.*)  During the telephone call, Ms. Williams stated that defendant's counsel had not told her about the deposition scheduled for that morning.[3]  (*Id.*)  Although Ms. Williams had not been informed by

---

[3] Despite indicating to counsel for plaintiff that he could "accept a deposition notice" for Ms. Williams, counsel for defendant admitted at the hearing of December 17, 2010 that he did not call Ms. Williams to apprise of her of the deposition scheduled for November 9, 2010.

2

defendant's counsel about her scheduled deposition, she told plaintiff's counsel during the course of the phone call of November 9, 2010 that she was willing to be deposed at the office of plaintiff's counsel on Friday, November 12, 2010.[4]  On that basis, counsel for plaintiff re-noticed Ms. Williams's deposition for 10:30 a.m. on November 12, 2010, at plaintiff's counsel's office.  (Doc. 36.)

Despite Ms. Williams being subpoenaed to her deposition on November 12, 2010, Ms. Williams's willingness to be deposed on November 12, 2010 as expressed by Ms. Williams in her telephone conversation with plaintiff's counsel on November 9, 2010, and the efforts of plaintiff's counsel to re-notice her deposition, Ms. Williams did not show up for her scheduled deposition.  After Ms. Williams's telephone conversation with plaintiff's counsel on November 9, 2010, Ms. Williams, also on November 9, 2010, called counsel for defendant to discuss her conversation with plaintiff's counsel.  In that conversation, for reasons unknown to the court, counsel for defendant advised Ms. Williams to seek independent counsel and referred Ms. Williams to attorney Victor Hayslip.  Consistent with the advice of defendant's counsel, Ms. Williams contacted attorney Hayslip on or around November 9, 2010.  Thereafter, on November 11, 2010, Ms. Williams, by and through attorney Hayslip, filed  her Objection to Deposition Notice and Motion for Protective Order.  (Doc. 37.)

In the Motion, Ms. Williams, contends that plaintiff provided Ms. Williams

---

[4] The deadline for completion of discovery was November 12, 2010.  (*See* doc. 29.)

insufficient notice of the deposition scheduled for November 12, 2010. (Doc. 37 at 2.) Given the representations made by counsel for plaintiff and counsel for defendant, it appears that Ms. Williams was initially provided sufficient notice of the deposition scheduled for November 12, 2010 and further that the failure to take the deposition was not due to any fault of plaintiff or his counsel. Nonetheless, because the discovery deadline passed, (*see* doc. 29), the Objection to Deposition Notice and Motion for Protective Order, (doc. 37), is due to be, and hereby is, **DENIED** as moot. As orally ordered at the hearing on December 17, 2010, it is **ORDERED** that the deposition of Monica Williams be taken on or before **FEBRUARY 22, 2011**, at a time scheduled by plaintiff with reasonable notice to defendant and Monica Williams.

    **DONE**, this 21st day of January, 2011.

                                        */s/ Sharon Lovelace Blackburn*
                                        SHARON LOVELACE BLACKBURN
                                        CHIEF UNITED STATES DISTRICT JUDGE