FILED
 2011 Jan-21 PM 04:19
 U.S. DISTRICT COURT
    N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **RYAN D. BURCH,** | } |
| Plaintiff, | } |
| vs. | } CASE NO. 2:09-cv-1640-SLB |
| **P. J. CHEESE, INC.,** | } |
| Defendant. | } |

### MEMORANDUM OPINION AND ORDER

This case is currently before the court on Plaintiff's Motion to Compel Discovery from the Defendant. (Doc. 39.)[1] In the Motion, "[p]laintiff moves the court to compel interrogatory and production discovery from the defendant" pursuant to Fed. R. Civ. P. 37(a)(3)(b).[2] (Doc. 39 at 1.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that Plaintiff's Motion to Compel Discovery from the Defendant, (doc. 39), is due to be granted in part and denied in part.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] Motions submitted pursuant to Fed. R. Civ. P. 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Although counsel for plaintiff outlined sufficient good faith efforts by plaintiff to confer with counsel for defendant regarding disputed discovery, plaintiff did not provide a "certification" within the meaning of Fed. R. Civ. P. 37. Per the court's instruction at the hearing of December 17, 2010, counsel for plaintiff, on December 22, 2010, filed an Amended Motion to Compel Discovery from the Defendant that included the requisite certification. (*See* doc. 51-2.)

On July 23, 2010, plaintiff served defendant with interrogatory and production requests. (Doc. 39-1.) On August 23, 2010, counsel for defendant requested a one week extension of time to respond to plaintiff's interrogatories and production requests because defendant's counsel suffered a thumb injury. (Doc. 39-2.) Counsel for plaintiff agreed to this request. On October 25, 2010, counsel for plaintiff sent an email to counsel for defendant requesting that defendant "immediately" provide responses to, *inter alia*, plaintiff's interrogatories and production requests. (Doc. 39-2 at 3.) On October 28, 2010, defendant provided "DRAFT" responses to plaintiff's interrogatories and production requests, as well as 1,118 pages of personnel file documents. (Doc. 39-2 at 4.) On November 12, 2010, the date the discovery period was set to expire, (*see* doc. 14), counsel for defendant emailed plaintiff's counsel signed interrogatories and revised production responses. (Doc. 39-3.) On November 13, 2010, plaintiff filed his Motion to Compel. (Doc. 39.) On November 29, 2010, defendant filed its Response to Plaintiff's Motion to Compel Discovery. (Doc. 41.) On December 12, 2010, defendant filed a Motion for Summary Judgment. (Doc. 43.) On December 14, 2010, plaintiff filed a Motion for Leave to Late File Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel Discovery from the Defendant due to computer "difficulties."[3] (Doc. 45.) On December 15, 2010, the court granted plaintiff's Motion for Leave to Late File

---

[3] On November 15, 2010, the court set plaintiff's Motion to Compel on a briefing schedule. (Doc. 40.) The Order required that any reply be filed on or before December 13, 2010. (*Id.*)

Plaintiff's Reply.  (Doc. 47.)  That same day, Plaintiff filed his Reply to Defendant's Response to Plaintiff's Motion to Compel Discovery from the Defendant.  (Doc. 48.)  On December 16, 2010, the court set a hearing on, *inter alia*, plaintiff's Motion to Compel for December 17, 2010.  (Doc. 48.)  On December 17, 2010, the court held the hearing on the Motion to Compel and addressed individually each of plaintiff's interrogatory and production requests as well as each of defendant's responses thereto.

Fed. R. Civ. P. 33 governs the service of interrogatories on other parties.  Under the Rule, after a party has served interrogatories on another party, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories.  A shorter or longer time may be stipulated to under Fed. R. Civ. P. 29 or be ordered by the court." *Id.* at (b)(2).  Further, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* at (b)(3). "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* at (b)(4); *see also Jaffe v. Grant*, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986) (noting that an objection based on Fifth Amendment privilege was waived by failing to timely assert such privilege in response to discovery request).

Fed. R. Civ. P. 34 governs the production of documents.  As with Fed. R. Civ. P. 33, Fed. R. Civ. P. 34 states that "[t]he party to whom the request is directed must respond in writing within 30 days after being served.  A shorter or longer time may be

3

stipulated to under Rule 29 or be ordered by the court." *Id.* at (b)(2)(A). And again, if the responding party fails to timely object to the production requests, any later objections are waived unless the court excuses the failure. *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08cv498/MCR/EMT, 2009 WL 1660137, at *4 (N.D. Fla. June 15, 2009) ("As a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."); *see also* Fed. R. Civ. P. 34(b) advisory committee's notes (stating that the procedure under Rule 34(b) "is essentially the same as that in Rule 33").

Finally, Fed. R. Civ. P. 37 details the procedure for when a party fails to cooperate with discovery. Specifically, the Rule states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." *Id.* at (a)(3)(B). Plaintiff contends that the unsigned, "DRAFT" interrogatory and production responses were "seriously deficient," (doc. 39 at 2), and that the "slightly revised responses remain seriously deficient, and were provided too late for the plaintiff to make appropriate use of them during discovery." (*Id.* at 3.) As a result, in the Motion to Compel, plaintiff seeks to compel further responses to plaintiff's Interrogatory Request Nos. 1, 2, 3, 4, 5, 6, 9, 10, 12, 14, and 15, and plaintiff's Production Request Nos. 1, 2, 3, 4, 5, 6, 9, 15, 16, 17, and 20 pursuant to Fed. R. Civ. P. 37.

First, as a preliminary matter, because defendant failed to respond to plaintiff's interrogatories and production requests by August 30, 2010,[4] and did not move the court for a protective order, the court finds that defendant has waived any objections to plaintiff's discovery requests. *See*, *e.g.*, *Deforest*, 2009 WL 1660137, at *4.  Second, for the reasons stated on the record at the hearing of December 17, 2010, it is **ORDERED** that:

1. Plaintiff's Motion to Compel, (doc. 39), is **GRANTED IN PART** and **DENIED IN PART**.

2. Defendant is **COMPELLED** to further respond to plaintiff's Interrogatory Request Nos. 1, 2, 3, and 5 on or before **JANUARY 22, 2011**.[5]

3. Defendant is **COMPELLED** to further respond to plaintiff's Interrogatory Request Nos. 4 and 6 on or before **JANUARY 22, 2011**.  However, defendant may limit its response to information related P.J. Cheese, Inc.

---

[4] On January 28, 2010, the court entered a Scheduling Order in this case. (Doc. 14.) The time limit for responding to interrogatories and requests for production, as set forth in the Scheduling Order, mirrors the time limit set forth in Fed. R. Civ. P. 36(a)(3). Specifically, the Scheduling Order states that "[r]esponses to [interrogatories and requests for production are] due 30 days after service." (*Id.* at 2.)  Accordingly, defendant's response to plaintiff's interrogatories and production requests were originally due August 23, 2010.  Adding the one (1) week extension agreed to by counsel for plaintiff extended the deadline for defendant's response to August 30, 2010.

[5] At the hearing on December 17, 2010, the court orally ordered defendant to respond by January 22, 2011 to the discovery compelled in this Order.  In other words, defendant's counsel has known since December 17, 2010 what discovery was due by January 22, 2011.

General Managers that reported to Rob Offner within the three-year period immediately preceding plaintiff's employment with P.J. Cheese, Inc.

4. Plaintiff's request to compel a further response to plaintiff's Interrogatory Request Nos. 9, 10, 14, and 15 is **DENIED**.

5. Defendant shall **SUPPLEMENT** its response to plaintiff's Interrogatory Request No. 12 on or before **JANUARY 22, 2011**.

6. Plaintiff's request to compel a further response to plaintiff's Request for Production Nos. 1, 3, 15, 16, 17, and 20 is **DENIED**.

7. Plaintiff's request to compel a further response to plaintiff's Request for Production No. 2 is **DENIED**. However, to the extent additional responsive documents exist but cannot be located, defendant is **COMPELLED** to certify its efforts to locate such responsive documents on or before **JANUARY 22, 2011**.

8. Plaintiff's request to compel a further response to plaintiff's Request for Production No. 4 is **DENIED**. However, to the extent additional General Manager personnel files exist but cannot be located, defendant is **COMPELLED** to certify its efforts to locate such files on or before **JANUARY 22, 2011**.

9. Plaintiff's request to compel a further response to plaintiff's Request for Production No. 5 is **DENIED**. However, to the extent additional

documents relating to or referring to the amount of pay (i.e. salary) received by General Managers that reported to Rob Offner in the three-year period immediately preceding plaintiff's employment with P.J. Cheese, Inc., such as actual pay stubs, exist but cannot be located, defendant is **COMPELLED** to certify its efforts to locate such documents on or before **JANUARY 22, 2011**.

10. Defendant shall **SUPPLEMENT** its response to plaintiff's Request for Production No. 6 on or before **JANUARY 22, 2011**.

11. Defendant is **COMPELLED** to respond to plaintiff's Request for Production No. 9 on or before **JANUARY 22, 2011**. To the extent additional documents or other materials relied upon by defendant to make the chart titled "Alabama General Mangers August 1, 2007" exist but cannot be located, defendant is **COMPELLED** to certify its efforts to locate such documents or other materials on or before **JANUARY 22, 2011**.

12. Plaintiff is authorized to conduct a maximum of two additional depositions, if necessary, on or before **FEBRUARY 22, 2011**, in light of any outstanding discovery provided by defendant pursuant to this Order. The two authorized depositions do not include the deposition of Monica Williams.

13. Defendant's Motion for Summary Judgment is **CONTINUED** and the deadline for plaintiff's responsive submission thereto is **STAYED** until further notice from the court.

14. The hearing on defendant's Motion for Summary Judgment **SET** for **FEBRUARY 23, 2011** is **CANCELLED** and will be **RESET** by Order of the court.

**DONE**, this 21st day of January, 2011.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE