UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RYAN D. BURCH,** } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | **CASE NO. 2:09-cv-1640-SLB** |
| } | |
| **P. J. CHEESE, INC.,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This case is currently before the court on defendant's Motion to Withdraw December 28, 2010 Order and to Amend Admissions. (Doc. 54.)[1] In the motion, defendant asks the court to allow defendant to amend certain responses to plaintiff's requests for admission from deemed admissions, (*see* doc. 52), to denials. (Doc. 54 at 1.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the motion is due to be granted.

## I. PROCEDURAL HISTORY

On August 9, 2010, plaintiff served twenty-eight requests for admission on defendant by hand delivery to the office of defendant's counsel. (*See* doc 50-1.) Defendant's response to plaintiff's requests for admission were thus originally due September 8, 2010. (*See id.*; doc. 14 at 2); Fed. R. Civ. P. 36(a)(3). On August 23, 2010,

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

counsel for defendant requested a one week extension of time to respond to plaintiff's requests for admission because defendant's counsel suffered a thumb injury. (Doc. 50-2.) Counsel for plaintiff agreed to this request. Adding an additional week made defendant's responses due September 15, 2010. Defendant, however, failed to respond by September 15, 2010. On October 25, 2010, counsel for plaintiff sent an email to counsel for defendant requesting that defendant "immediately" provide responses to plaintiff's requests for admission and other outstanding discovery. (Doc. 50-3 at 2.) Finally, on October 26, 2010, more than seventy-nine days after defendant was served with plaintiff's requests for admission, defendant provided its responses. (Doc. 50-4.)

Since defendant's responses to plaintiff's requests for admission were not served on plaintiff until more than forty-one days (including the one week extension) after they were due, plaintiff filed a Motion to Have Plaintiff's Requests for Admission from Defendant Deemed Admitted. (Doc. 50.) On December 28, 2010, the court granted plaintiff's motion and deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) the matters in plaintiff's requests for admission not already admitted. (Doc. 52.)

In response, defendant filed the instant Motion to Withdraw December 28, 2010 Order and to Amend Admission. (Doc. 54.) Plaintiff filed a Response to Defendant's Motion to Withdraw December 28, 2010 Order and to Amend Admissions. (Doc. 59.) Plaintiff then filed a Motion for Leave to Amend His Response to Defendant's Motion to Withdraw December 28, 2010 Order and to Amend Admissions. (Doc. 60.) In the

Motion for Leave to Amend, plaintiff requested leave to amend his response to correct several errors and add additional information that was unavailable at the time his initial response was filed.  (*Id.*)  The court granted plaintiff's Motion for Leave to Amend,  (doc. 65), and filed in the record plaintiff's Amended and Substituted Response to Defendant's Motion to Withdraw December 28, 2010 Order and to Amend Admissions.  (Doc. 66.)  The matter was thereafter deemed under submission.

## II. DISCUSSION

Fed. R. Civ. P. 36(a) permits a party to serve any other party with a written request to admit the truth of matters relating to "facts, the application of law to fact, or opinions about either" or "the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1)(A) and (B).   Fed. R. Civ. P. 36(a)(3) provides that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

*Id.*[2]  Fed. R. Civ. P. 36(b) further provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  *Id.*  Withdrawal or amendment is permitted "if it would promote the presentation of the merits of the action and if the court is not persuaded that

---

[2]  On January 28, 2010, the court entered a Scheduling Order in this case.  (Doc. 14.)  The time limit for responding to requests for admission, as set forth in the Scheduling Order, mirrors the time limit set forth in Fed. R. Civ. P. 36(a)(3).  Specifically, the Scheduling Order states that "[r]esponses to [requests for admission are] due 30 days after service."  (*Id.* at 2.)

it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

Rather than opposing the instant motion on grounds that withdrawal or amendment will prejudice his ability to defend the action on the merits, plaintiff contends that the motion is due to be denied because plaintiff "does not offer the Court any plausible explanation or excuse" for providing untimely responses to his requests for admission. (Doc. 66 at 1.)  Plaintiff maintains that defendant's "inappropriate discovery conduct . . . mirrors" defendant's abusive discovery conduct in another case, *Andrew Tucker v. P.J. Cheese, Inc.*, 2:05-cv00264-KOB-JEO (N.D. Ala. filed Feb. 4, 2005).  (Doc. 66 at 2.) On those grounds, plaintiff urges the court to follow *ADM Agri-Industries, LTD., v. Harvey*, 200 F.R.D. 467 (M.D. Ala. 2001), (doc. 66 at 10-11), where the court denied a motion to limit, withdraw, or amend admissions, in part, because the movant never gave the court "a viable explanation for his past discovery noncompliance . . . ." *ADM Agri-Industries, LTD.*, 200 F.R.D. at 471-72.  In that case, the court concluded that non-movant "would be unduly prejudiced without the admissions because, without their deterrent value, it would face a heightened and unfair risk of having to prosecute the rest of the case without getting . . . [the movant's] compliance with further necessary discovery requests." *Id.* at 472.

However, in *Perez v. Miami-Dade County*, 297 F.3d 1255 (11th Cir. 2002), the United States Court of Appeals for the Eleventh Circuit confirmed that a two-part test

4

focused on the effect upon the litigation and prejudice to the resisting party, rather than moving party's justifications or lack thereof, applies to motions to withdraw or amend admissions pursuant to Fed. R. Civ. P. 36. *Id.* at 1263-68. Under the two-part test, the court must first "consider whether the withdrawal will subserve the presentation of the merits, and second . . . determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* at 1264 (citing *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994)). In confirming the applicability of the two-part test, the *Perez* court held "that a district court abuses its discretion under Rule 36(b) in denying a motion to withdraw or amend admissions when it applies some other criterion beyond the two-part test," such as a party's justification or lack thereof for inappropriate conduct in discovery. *Id.* at 1265 ("[W]e read Rule 36(b) as granting a district court discretion but then specifying exactly how that discretion is to be exercised") (citations omitted). Therefore, although the court absolutely does not condone the discovery conduct of defendant and its counsel or look kindly on the lack of justification provided by defendant and its counsel, the court will strictly apply the two-part test set forth in *Perez* and will not consider factors beyond it.[3]

The first part of the test, which "calls for a determination of whether the

---

[3] Counsel for the defendant are put on notice that if similar conduct with regard to discovery occurs in the future, in any case pending before the undersigned, the court will likely resort to sanctions.

presentation of the merits will be subserved by allowing a withdrawal or amendment of the admission," *id.* at 1266 (quotations omitted), "emphasizes the importance of having the action resolved on the merits." *Id.* (quoting *Smith*, 837 F.2d at 1577).  This part of the test is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case."  *Id.* at 1266 (quoting *Hadley*, 45 F.3d at 1348).  For instance, in *Perez*, the Eleventh Circuit found that the first part was satisfied because the items the district court deemed admitted "took the wind out of the defendants' sails" and "conclusively established the liability of both defendants under 42 U.S.C. § 1983." *Id.* at 1666.  In *Hadley*, the United States Court of Appeals for the Ninth Circuit found that the first part of the test was satisfied because the admissions "essentially admitted the necessary elements" of the plaintiff's claims.  45 F.3d at 1348.  And in *Harden v. Target Corp.*, No. 09-60010-CIV, 2009 WL 1456349 (S.D. Fla. May 22, 2009), the court found that the first part was satisfied because the admissions related to matters "highly significant, if not central, to . . . [the] litigation. *Id.* at *2.

In the instant case, plaintiff, an African-American, alleges that defendant: willfully took adverse action against him for engaging in protected activity under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601-2654; discriminated against him on the basis of race by paying him less and giving him less vacation days than similarly situated white general managers in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and 42 U.S.C. § 1981; retaliated against him in violation of Title

VII, 42 U.S.C. § 2000e-3(a), and 42 U.S.C. § 1981 by terminating his employment because he filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"); and willfully violated the Equal Pay Act ("EPA"), an amendment to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, by paying him less than similarly situated female employees. (Doc. 1 at 1-17.) .

Plaintiff's requests for admission asked defendant to admit, *inter alia*, that plaintiff requested FMLA leave after the murder of his brother, that plaintiff was an eligible employee within the meaning of the FMLA in August of 2007, that plaintiff was demoted from his pre-leave general manager position to an assistant manager position upon his return to work after being granted leave, and that plaintiff's employment with defendant was terminated. (Doc. 50-1.) Plaintiff also requested that defendant admit that plaintiff was paid less than every other restaurant general manager that reported to the same supervisor as plaintiff, that plaintiff was not allowed to take all of his vacation days, and that similarly situated white general managers were allowed to take all of their vacation days. (*Id.*)

Plaintiff's requests for admission, as in *Hadley*, ask defendant to admit several essential elements of plaintiff's claims brought pursuant to Title VII, 42 U.S.C. § 1981, the FMLA, and the EPA. Moreover, as in *Harden*, those requests for admission that do not seek admission of essential elements, relate to matters that are "highly significant, if not central, to this litigation." 2009 WL 1456349 at *2. Although the items deemed

admitted do not alone conclusively establish the liability of defendant, as in *Perez*, withdrawal or amendment of the admissions would undoubtedly aid in the "ascertainment of the truth and the development of the merits." *Smith*, 837 F.2d at 1577 (citation and quotations omitted). Therefore, the court finds that the first part of the test is satisfied.

The second part of the test under Fed. R. Civ. P. 36(b) "requires the court to ascertain whether the non-moving party would be prejudiced by a withdrawal or amendment of admissions." *Perez*, 297 F.3d at 1266. The Eleventh Circuit has explained the nature of the prejudice contemplated by the second part of the test:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to questions previously answered by the admissions.

*Id.* (quoting *Smith,* 837 F.2d at 1578 (quoting *Brook Village N. Assoc. v. Gen. Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982))). For this reason, the Eleventh Circuit has noted that "a court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun." *Id.* at 1266-67 (citation omitted).

In *Perez*, the court evaluated the prejudice under the second part of the test and determined that the plaintiff would not have suffered prejudice had the district court allowed the defendants to withdraw the admissions. *Id.* at 1268. The court reasoned:

> Although the motion to withdraw the admissions was made before trial, Perez nonetheless argues that a withdrawal would have been prejudicial. Perez unconvincingly asserts that he "rel[ied] upon the admissions in his

> preparation for trial," an astonishing claim in light of the facts. Indeed, the defendants, in denying the allegations of the complaint (a document that mirrors the bulk of the requests for admissions), maintained from the very beginning that they would contest Perez's core allegations. Moreover, at the scheduling conference held on September 12, 1997, Gressman reiterated what had been stated in the defendants' answers: that "there is no policy or procedure that says that [officers may] use cars to run over suspects ... unless deadly force is being used against [an officer]." Finally, attached to Perez's "Unilateral Pretrial Stipulation," filed on February 18, 1998, is a section entitled "Defendants' Statement of Facts," in which the defendants maintained that the County had no "policy or procedure ... authorizing use of deadly force against a fleeing suspect who does not pose a risk of causing the death of an officer." The same document also reveals that the County disputed whether Sergeant Allsbury had intentionally hit Perez with his car.
>
> . . .
>
> Because Perez knew from the very beginning-and continued to be made aware-that he would have to prove many of the elements of his case now deemed admitted, he would have suffered no prejudice had the court allowed a withdrawal. In fact, Perez had been engaging in discovery all along, albeit with some resistance by the County, and had only relied on the admissions for six days-from February 20 to February 26, the day on which the defendants requested a withdrawal. Certainly, allowing an amendment or withdrawal at that early point would not have created a "sudden need" for Perez to obtain evidence. Moreover, at the time the defendants requested the withdrawal, a trial on the merits had not yet begun; the district court could have simply extended the discovery deadlines-as it previously had done-to enable Perez to prove his case. The only prejudice Perez would have likely suffered would have been the inconvenience in having to gather evidence, and this "[does] not rise to a level of prejudice that justifie[s] a denial of the withdrawal motion."

*Id.* at 1267-68 (footnotes and citation omitted).

This case mirrors *Perez* in several key respects. Like the plaintiff in *Perez*, plaintiff here has been on notice from the very beginning of this case that the core

9

allegations of plaintiff's complaint were contested. Plaintiff's requests for admission track closely the material allegations of the complaint, which defendant denied in its Answer. (*See* doc. 19.) For instance, the complaint alleges that plaintiff's "compensation was less than that given to similarly situated White restaurant general managers, including female managers and those newly hired . . . ." (Doc. 1 ¶ 22.) In request for admission numbers 25 and 26, plaintiff requested that defendant admit this very same allegation. (Doc. 50-1 at 10.) Defendant denied the allegation in its Answer, (doc. 19 ¶ 22), and denied the allegation in its late-response to plaintiff's Requests for Admission, (doc. 50-4 at 6). Plaintiff will not suffer the type of prejudice contemplated by the two-part test if defendant is allowed to continue to deny the allegations that are the subject of plaintiff's requests for admission and that defendant denied in its Answer.

Plaintiff was put on further notice that defendant denies the allegations that are the subject of plaintiff's requests for admission because defendant has reiterated on several occasions, both in written motions and discovery responses and orally before the court, what it stated in its Answer. Like the plaintiff in *Perez*, plaintiff here has been engaging in discovery with heavy resistance from defendant on the core allegations in this case. Defendant has vigorously maintained that plaintiff did not request FMLA leave, was not eligible to take FMLA leave, was not terminated but instead quit, was not demoted, was paid more than similarly situated white and female general managers, and, like his similarly situated white counterparts, was allowed to take all of his vacation days. For

instance, interrogatory number 7 in plaintiff's first set of interrogatories to defendant, (doc. 39-1), asked defendant to "[s]tate each and every reason for Plaintiff's demotion to assistant manager upon his return to work following his leave of absence due to the loss of his brother." (*Id.* at 7.)  Defendant's response stated: "Burch was not demoted." (Doc. 39-3 at 4.)  And interrogatory number 8 asked defendant to "[s]tate each and every reason for Plaintiff's termination on October 16, 2007." (Doc. 39-1 at 7.)  Defendant's response stated: "Burch quit."  (Doc. 39-3 at 4.)

      Plaintiff also deposed Rob Offner ("Offner"), (*see* doc. 43-3) who was plaintiff's supervisor, as well as several other employees that work or worked in defendant's Human Resources Department, including McCain Gallahar, (doc. 64-3), Brandi Campbell, (doc. 43-2), and Monica Williams, (doc. 61-2).  In those depositions, plaintiff questioned defendant's employees about the same factual allegations that are the subject of plaintiff's requests for admissions.  The answers to those questions reveal that defendant disputes those allegations.  For example, the complaint alleges that Offner "would not approve . . . [plaintiff] taking his full number of vacation days, and as a result . . . [plaintiff] lost about two weeks of vacation per year . . . [,]" (doc. 1 ¶ 25), an allegation that defendant denied in its Answer.  (Doc. 19 ¶ 25.)  During Offner's deposition, Offner was asked whether plaintiff got his vacation every year.  (Doc. 43-3 at 110.)  Offner responded that as far as he knew, plaintiff got all of his vacation time, that he never told plaintiff he could not take vacation, and never told plaintiff he was short-handed and couldn't have vacation at

11

any time. (*Id.* at 110-11.) Offner further stated that he "never refused anybody their vacation time." (*Id.* at 112.) Offner's testimony is consistent with defendant's response to interrogatory number 13 in plaintiff's first set of interrogatories to defendant, which asked defendant to "[i]dentify all the reasons why the plaintiff, upon his request, was not allowed to take his earned vacation time prior to year 2007." (Doc. 39-1 at 8.) Defendant's response stated: "The defendant denies that Burch was not allowed to take his earned vacation time prior to 2007." (Doc. 39-3 at 5.) Ongoing discovery has thus further put plaintiff on notice of defendant's position with regard to the subject matter of plaintiff's requests for admission.

Moreover, plaintiff was put on notice by the court that reliance on the matters deemed admitted may not be reasonable or justified. In the Order granting Plaintiff's Motion to Have Plaintiff's Requests for Admission from Defendant Deemed Admitted, the court stated:

> [B]ecause this court, consistent with established federal policy, strongly favors the resolution of disputes on the merits, *see Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984), it is also **ORDERED** that defendant is permitted file a motion seeking withdrawal or amendment of the admissions on or before **JANUARY 22, 2011**.

(Doc. 52 at 3 (emphasis in original).) That Order was entered on December 28, 2010. (*See id.*) Defendant filed the instant motion on January 21, 2010, which was within the time frame allowed by the court and less than a month after plaintiff's requests for admission were deemed admitted. (*See* doc. 54.)

12

The court also notes that, as in *Perez*, the motion to withdraw was filed before trial.  On December 10, 2010, defendant filed a Motion for Summary Judgment.  (*See* doc. 43.)  In light of several discovery disputes that were the subject of various motions, including this one, the court continued defendant's motion for summary judgment, stayed the deadline for plaintiff's responsive submission thereto (so as to prevent prejudice to plaintiff), and continued generally, by implication, the trial date in this case.  (Doc. 56 at 8.)  The deadline for plaintiff's opposition to defendant's Motion for Summary Judgment remains stayed and a new trial date has not been set.   Although the discovery cut-off date in this case has passed, plaintiff had the entire period of discovery in this case, almost a full year, to conduct discovery while having knowledge of defendant's version of the facts.  And though the discovery tactics engaged in by defendant and its counsel certainly hampered plaintiff's ability to conduct discovery within the applicable time frame, the court notes that it not only granted a lengthy motion to compel discovery filed by plaintiff, but also "authorized [plaintiff] to conduct . . . two additional depositions" after the discovery cut-off.  (Doc. 56.)  For all these reasons, the court cannot say that allowing withdrawal or amendment would create a "sudden need" for plaintiff to obtain evidence.  The need has been present all along.  The only prejudice that plaintiff will suffer is that plaintiff "will now have to convince the fact finder of the . . . truth" of the matters contained in the requests for admission.  In the Eleventh Circuit (and elsewhere), that type of prejudice is simply not enough.

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Withdraw December 28, 2010 Order and to Amend Admissions, (doc. 54), is due to be granted.[4]  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE**, this 17th day of August, 2011.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] To be clear, although the court, in the interest of judicial economy, has not separately analyzed herein the prejudice that will result from withdrawal or amendment of each individual admission, the court has independently considered each individual admission.