UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**RYAN D. BURCH,**             }
                               }
    **Plaintiff,**         }
                               }
vs.                            }       **CASE NO. 2:09-cv-1640-SLB**
                               }
**P. J. CHEESE, INC.,**        }
                               }
    **Defendant.**         }

## MEMORANDUM OPINION AND ORDER

This case is currently before the court on plaintiff's Motion to Compel Production of Documents Describing Communications Between the Defendant and Its Attorney. (Doc. 61.)[1] In the motion, plaintiff "moves the court to enter an Order waiving the defendant's attorney client privilege and compelling the defendant to provide to plaintiff all documents, including but not limited to, any e-mails, memoranda, notes, or letters which describe or relate to communications between the defendant and its attorneys and/or insurer." (*Id.* at 1.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the motion is due to be granted in part and denied in part.

On February 8, 2011, counsel for plaintiff took the deposition of Monica Williams ("Williams"), the former Human Resources Director for defendant. (*See* docs. 55, 58 &

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

61.) At the deposition, counsel for plaintiff asked Williams if she had reviewed any documents to prepare for the deposition. (Doc. 61-2 at 8.) Williams indicated that she had reviewed "[t]he EEOC charge and several e-mails between . . . [counsel for defendant and herself]." (*Id.* at 8-10.) The e-mails had not been produced in discovery. (*Id.*) Although counsel for defendant maintained at the deposition that the e-mails were subject to the attorney-client privilege, (*id.* at 11-13), defendant expressly "waive[d] the privilege" and apparently produced the documents. (*Id.*)

Following the Williams deposition, plaintiff filed the instant motion, (doc. 61), in which he urges the court to find that defendant and its counsel waived the attorney-client privilege as to the documents produced at the deposition and as to "other unknown documents." (*Id.* at 4-7.) Plaintiff maintains that defendant and its counsel have used the attorney-client privilege "as a sword," and that fairness requires the production of otherwise protected communications between defendant's employees and counsel for defendant. (Doc. 61 at 5-6.) In its Response to Plaintiff's Motion to Compel Production of Documents, (doc. 63), defendant contends that plaintiff's motion is due to be denied because defendant already produced, and waived the attorney-client privilege as to, the subject documents. (*Id.*) The court, with one exception, agrees with defendant.

According to Fed. R. Evid. 501, questions of privilege that arise in the course of the adjudication of federal rights "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and

experience."  The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law."  *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir.), *modified on reh'g on other grounds by* 30 F.3d 1347 (11th Cir. 1994), *cert. denied* 513 U.S. 1110 (1995) (quoting *United States v. Zolin*, 491 U.S. 554, 562 (1989) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981))).  It protects "against disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance.  *Id.* (citing *In re Grand Jury (G.J. No. 87-03-A)*, 845 F.2d 896, 897 (11th Cir. 1988) (citations and footnote omitted)).  Despite the "value [of the privilege] in encouraging clients to confide in their counsel," *id.*, the privilege is not without exceptions.  *Id.* (citations omitted).

     A party may waive the attorney-client privilege either expressly or by implication.  *Id.* at 1417 (citation omitted).  The doctrine of waiver by implication "reflects the position that the attorney-client privilege was intended as a shield, not a sword."  *Id.* (citations and quotations omitted).  This means that "[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."  *Id.* (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.), *cert. denied* 502 U.S. 813 (1991)) (citation omitted).

     In *Cox*, the Eleventh Circuit observed that waiver by implication has been found in three circumstances: "[ (1) ] when a client testifies concerning portions of the attorney-client communication, [ (2) ] when a client places the attorney-client relationship directly

at issue, and [ (3) ] when a client asserts reliance on an attorney's advice as an element of a claim or defense." *Id.* at 1418 (citing *Sedco Int'l S.A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir.), *cert. denied* 459 U.S. 1017 (1982) (internal citations omitted)). The court in *Cox* recognized a "common denominator" in the three circumstances where courts have found a waiver by implication. *Id.* (quoting *Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 447 (S.D. Fla. 1980) (quoting *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975))). "[I]n each instance, the party asserting the privilege placed information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party." *Id.* (quoting *Pitney-Bowes, Inc.*, 86 F.R.D. at 447 (quoting *Hearn*, 68 F.R.D. at 581)). Against this backdrop, the court considers plaintiff's motion to compel.[2]

First, to the extent plaintiff's motion seeks a waiver of the attorney-client privilege as to communications between counsel for defendant and defendant's employees that were produced for the first time at the Williams deposition, the motion is due to be and hereby is **DENIED AS MOOT.** Defendant expressly waived the privilege as to those communications at the Williams deposition. (*See* doc. 61-2 at 8-12.) As a result, the court need not consider waiver by implication as to those communications.

---

[2] Fed. R. Civ. P. 37 details the procedure for when a party fails to cooperate with discovery. Specifically, Fed. R. Civ. P. 37(a)(3)(B) states that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

Second, as to the production of the communications relied on by Williams in preparation for her deposition, it is not clear whether all of the communications have been produced. Plaintiff, in his Reply to Defendant's Response to Plaintiff's Motion to Compel, (doc. 68), contends that:

> While fifteen such exhibits of such e-mail and other communications were allegedly marked individually for identification at the end of Williams' deposition by defendant's attorney . . ., only thirteen exhibits of these communications have been found. At the conclusion of Williams' deposition, [defendant's attorney] . . . reached over and took a pad of exhibit labels from the court reporter and applied labels from it to exhibits himself, without individually describing the contents of each exhibit, and then declared he was entering defendant's exhibits 1 through 15, slid the exhibits across the table to the court reporter, and left promptly after plaintiff's counsel reserved an objection to the exhibits. Subsequently, it was determined that there were no exhibits labeled 6 or 10 provided to the court reporter.

(*Id.* at n.1.) To the extent plaintiff's motion seeks production of the exhibits labeled 6 and 10 at the Williams deposition (and to the extent those documents have not been produced), the motion is due to be and hereby is **GRANTED** because defendant expressly waived the privilege as those communications. It is **ORDERED** that defendant is to confer with plaintiff <u>on or before</u> August 26, 2011 to provide plaintiff with the exhibits labeled 6 and 10 at the Williams deposition. In all other respects, the motion is due to be and hereby is **DENIED AS MOOT** because the subject communications have already been produced. (*See* doc. 61-2 at 8-13; doc. 68 at n.1.)

Third, to the extent plaintiff's motion seeks production of, and a waiver by implication of the attorney-client privilege as to, "other unknown documents[,]" (doc. 61

5

at 4), the motion is due to be and hereby is **DENIED**.[3]  Plaintiff has not shown that defendant's employees or former employees testified concerning portions of *unproduced* attorney-client communications (other than the aforementioned exhibits labeled 6 and 10), placed the attorney-client relationship directly at issue through some affirmative act, or asserted reliance on the advice of counsel as an element of a claim or defense. *See Cox*, 17 F.3d at 1418.  Therefore, the court cannot say that to allow the privilege to protect against disclosure of information contained in "other unknown documents" would be "manifestly unfair" to plaintiff.[4]  *Id.* (quoting *Pitney-Bowes, Inc.*, 86 F.R.D. at 447 (quoting *Hearn*, 68 F.R.D. at 581)).

    **DONE**, this 17th day of August, 2011.

                                          /s/ Sharon Lovelace Blackburn
                                          SHARON LOVELACE BLACKBURN
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff "requests [that] the [c]ourt[,] [in the event the court does not find waiver by implication,] . . . perform an *in camera* review of all defendant's attorney client privileged documents . . . to ensure that plaintiff receives any further documents the [c]ourt thinks appropriate . . . ." (Doc. 68 at 10.)  For the same reasons the court finds that the motion is due to be denied as to "other unknown documents[,]" (doc. 61 at 4), the court declines to review *in camera* of all of the defendant's privileged documents.

[4] It should be noted that plaintiff's motion does not "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" as required by Fed. R. Civ. P. 37.  (*See* doc. 61.)