FILED

2013 Sep-13  PM 01:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN D. BURCH, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | CASE NO. 2:09-cv-1640-SLB |
| | } | |
| P.J. CHEESE, INC., | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

At the pretrial conference held on July 11, 2013, a dispute arose as to whether the trial on the limited issue of arbitrability should be conducted as a jury trial or bench trial.  In light of the parties' submissions and the court's independent research, the court finds that plaintiff has waived his right to a jury trial by failing to make a timely demand in accordance with Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.  "[A] general jury demand in a complaint does not obviate the need to specifically request a jury trial under Section 4 of the FAA." *King v. Capital One Bank (USA), N.A.*, No. 3:11-cv-00068, 2012 WL 4404862, at *1 (W.D. Va. Sept. 25, 2012).

Section 4 provides, in pertinent part, as follows:

> If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. *If no jury trial be demanded by the party alleged to be in default,* or if the matter in dispute is within admiralty jurisdiction, *the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may,* except in cases of admiralty, *on or before the return day of the notice of application, demand a jury trial of such issue,* and upon such demand the court shall make an order referring the issue or issues to a jury in the manner

provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.

9. U.S.C. § 4 (emphasis added).  In *Alvarez v. T-Mobile USA, Inc.*, No. CIV. 2:10-2373 WBS, 2011 WL 6702424 (E.D. Cal. Dec. 21, 2011), a question of fact existed as to whether the parties entered into a binding arbitration agreement, and the district court looked to Section 4 to determine whether the issue should be decided by a jury or the court.  *Id*. at *9.  Although the complaint in *Alvarez* included a jury demand which stated, "To the full extent available, Plaintiff demands a trial by jury," the district court held that "[s]ince Alvarez did not demand a jury trial on or before the return day for T–Mobile's motion to compel arbitration, he no longer has the right to demand a jury trial on the issue of whether he entered into an agreement to arbitrate . . . ." *Id*.[1]  This court reads Section 4 as did the court in *Alvarez* – that is, Section 4 requires a separate jury demand, independent from a general jury demand contained in an initial pleading, filed before the deadline for responding to a motion or application to compel arbitration.

Plaintiff's argument that the general jury demand in his Complaint suffices as a demand for a jury trial on the specific issue of arbitrability is without merit.  Plaintiff relies on the jury demand provisions of Rule 38 of the Federal Rules of Civil Procedure, which provide that "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand--*which may be included in a pleading*" and

---

[1]    The court in *Alvarez* did not specify whether the plaintiff demanded a jury trial in his complaint.  This court has examined the *Alvarez* complaint, and the complaint included the jury demand quoted above.  *See Alvarez*, 2:10-cv-02373-WBS-GGH, doc. 1-1 at 44.

"a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable." Fed. R. Civ. P. 38(b) & (c) (emphasis added). The inherent flaw in plaintiff's argument is that Rule 38 has no applicability to the jury demand and waiver provisions of Section 4. *Starr Elec. Co. v. Basic Const. Co.*, 586 F. Supp. 964, 967 (M.D.N.C. 1982); *see* Fed. R. Civ. P. 81(a)(6)(B). The Federal Rules of Civil Procedure govern proceedings under the FAA only to the extent that the FAA does not provide "other procedures." Fed. R. Civ. P. 81(a)(6)(B). Section 4 "has specific provisions for the demand and waiver of a jury trial under Title 9." *Starr Elec. Co.*, 586 F. Supp. at 967. Therefore, "[t]he demand and waiver provisions of Fed. R. Civ. P. 38 are inapplicable under Fed. R. Civ. P. 81(a)[(6)(B)]. *Id*.

Because plaintiff has not filed a jury demand on the issue of arbitrability in accordance with Section 4, the trial will be conducted as a bench trial.

**DONE** this 13th day of September, 2013.

Sharon Lovelace Blackburn

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE