UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RYAN D. BURCH, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | CASE NO. 2:09-cv-1640-SLB |
| } | |
| P.J. CHEESE, INC., } | |
| } | |
| Defendant. } | |

## MEMORANDUM OF OPINION

Having denied Plaintiff's Motion to Have Issue of Arbitrability Deemed Waived by the Defendant, (doc. 103),[1] the court herein briefly memorializes its rationale in reaching that ruling.

The Eleventh Circuit applies a two-part test to determine if a party has waived its right to arbitrate. First, the court determines whether, "under the totality of the circumstances" the party has "acted inconsistently with the arbitration right." If that prong is satisfied, then the court decides whether the party opposing arbitration has been prejudiced by the delay in demanding arbitration. *Krinsk v. SunTrust Banks, Inc., et al.,* 654 F. 3d 1194, 1200 (11th Cir. 2011).

In support of his Motion, plaintiff argues that defendant did not file its motion to stay and compel arbitration until more than two years after the defendant was terminated.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1

However, the filing of the motion to stay and compel arbitration was defendant's initial responsive pleading in this civil action, filed ten days after it was served with the Summons and Complaint. Plaintiff objects to arbitration "at this point because of the time and expense in federal court". Substantial participation in litigation <u>prior to</u> demanding arbitration can be interpreted as acting inconsistently with the right to arbitrate. However, that is not the case here. The court finds that the defendant promptly requested arbitration upon notification of this lawsuit. Defendant has participated in litigation of this case, but did so as required by the court after denial of its motion to compel arbitration.

Plaintiff also argues that defendant failed to produce a copy of the Dispute Resolution Program Booklet, which he alleges includes certain specific information about the arbitration process, until August, 2013. He acknowledges that he has had a copy of the Agreement and Receipt for Dispute Resolution Program, which "discusses the plaintiff entering into an arbitration agreement." Any late production of a supplemental document is immaterial to the issue of waiver.

Having found that defendant did not waive its contractual right to compel arbitration, plaintiff's Motion was denied.

Done this 16th day of September, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE