FILED

2013 Sep-17  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RYAN D. BURCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 2:09-CV-1640-SLB** |
| | ) | |
| **P. J. CHEESE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION IN SUPPORT OF
ORDER DENYING PLAINTIFF'S MOTION REQUESTING RECUSAL**

Having denied Plaintiff's Motion Requesting Recusal, (doc. 104),[1] the court herein

briefly memorializes its rationale for that ruling.

Plaintiff does not mention a statutory basis for his request for recusal, but the court

examined the Motion under 28 U.S.C. § 455.  Section 455(a) states, "Any justice, judge, or

magistrate judge of the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *see also United States v.*

*Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).  The Eleventh Circuit has held:

> A judge should recuse himself under § 455(a) when there is an
> appearance of impropriety. *See id*. § 455(a).  Section 455(a) provides, "Any
> justice, judge, or magistrate judge of the United States shall disqualify himself
> in any proceeding in which his impartiality might reasonably be questioned."
>  *Id*.  "The very purpose of § 455(a) is to promote confidence in the judiciary
> by avoiding even the appearance of impropriety whenever possible." *Liljeberg*
> *v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).  Thus, the

---

[1]  Reference to a document number, ["Doc. ___"], refers to the number assigned to
each document as it is filed in the court's record.

> standard of review for a § 455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality," *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988), and any doubts must be resolved in favor of recusal, *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989).

*United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

Section 455(b) provides that a judge "shall also disqualify [herself] . . . (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . . 28 U.S.C. § 455(b)(1). "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)).

In his Motion Requesting Recusal, plaintiff states that the court "held ex-parte meetings with parties' counsel for the purpose of discussing the case, determining parties' positions on issues, and potential settlement." (Doc. 104 at 1.) The court, with the consent and support of the parties, met with counsel ex parte to discuss settlement. Thereafter, the court met with plaintiff and his counsel in a further effort to facilitate settlement. At all times, both sides were aware of the meetings and fully consented to the court's involvement. Indeed, both parties expressed their belief that the court's involvement would facilitate settlement. The ex parte settlement discussions do not provide a basis for the court's recusal.

Plaintiff's counsel also states, "Plaintiff and his counsel were told several times that it was the judge's opinion that she would likely rule in favor of arbitration, but made

clear that she could not make up her mind until trial." (*Id*. at 2.)  The court agrees that it discussed defendant's evidence with plaintiff, but such discussions were for the sole purpose of informing plaintiff of the real risks that plaintiff could lose this case. Nevertheless, the court "made clear" – as plaintiff admits – that the court could, and would, decide whether plaintiff had signed the arbitration agreement based only on the evidence presented at trial.  The court told plaintiff and his counsel – as well as defendant's counsel in a separate meeting – that the court could not possibly judge the credibility of the witnesses until trial.  In fact, the court specifically told plaintiff that the court, after hearing all the evidence, may credit his testimony.  It discussed some of the evidence defendant would likely present,  and it encouraged plaintiff to consider a settlement in light of the risk that, after a trial, he might recover nothing.  The court also informed plaintiff of its concern that, if the court decided that plaintiff had signed the arbitration agreement and he was required to arbitrate his case, the arbitrator would likely find plaintiff's case was time-barred.  The court's purpose in these discussions, which was made clear to plaintiff, was only to let plaintiff know the real risk of going forward, which was a consideration essential to plaintiff's decision regarding settlement.

The court notes that, throughout the settlement discussions, the court told plaintiff and his counsel, as well as defendant's counsel, that it would not be upset or angry or otherwise prejudiced against one or both parties if they did not settle their dispute before trial.  Indeed, the court encouraged plaintiff to proceed to trial if he felt that was in his

best interest in light of all the facts.  Plaintiff and his counsel were allowed several opportunities during the settlement conference to consult privately.  Ultimately, plaintiff decided to proceed to trial rather than continue with settlement discussions.

Applying the law to the above facts, the court finds recusal is not required under Section 455(a) based on the court's conversations with plaintiff and his counsel during the settlement discussions.  The comments made by the court could not cause the court's impartiality reasonably to be questioned.  As noted above, Section 455(b) provides that a judge "shall disqualify [herself] . . . (1) [w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  As used in § 455(b)(1), "personal bias or prejudice concerning a party" are "words [that] connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . , or because it is excessive in degree . . . ."  *Liteky v. United States*, 510 U.S. 540, 550 (1994)(emphasis in original).  Nothing in this record indicates that this court is biased or prejudiced, as those words are defined in *Liteky*, for or against any party.  The court has no personal bias or prejudice concerning any of the parties in this case nor does it have any personal knowledge of a disputed evidentiary fact that is involved in the case.  Therefore, disqualification is not appropriate under 28 U.S.C. § 455.

.                              **<u>CONCLUSION</u>**

For the foregoing reasons, plaintiff's Motion Requesting Recusal, (doc. 104), was

denied.

**DONE**, this 17th day of July, 2013.

*Sharon Lovelace Blackburn*

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE