FILED
2020 Apr-24 PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RYAN D. BURCH,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case Number: 2:09-CV-1640-SLB |
| **PJ CHEESE, INC.,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This case is currently before the court on defendant's Motion to Reopen Case and Application to Confirm and Enter Judgment Upon Arbitration Award. (Doc. 125.) In opposition to defendant's Motion, plaintiff contends, inter alia, that defendant (1) "has not identified in its motion and application 'any judgment reached in arbitration' the enforcement of which it believes is necessary," (2) " has not identified any reason at this time to conform and enter judgment upon the arbitration award, and (3) "has not identified any valid reason that the case should be reopened at this time." For the reasons set forth herein, defendant's Motion to Reopen Case and Application to Confirm and Enter Judgment Upon Arbitration Award. (Doc. 125.), (doc. 125), is **GRANTED**.

[W]hen a federal district court grants a motion to compel arbitration it retains jurisdiction to confirm or vacate the resulting arbitration award under 9 U.S.C. §§ 9-

10." *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998), *quoted in PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). Pursuant to the text of § 9, "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."[1] 9 U.S.C. § 9. "There is

---

[1] A district court may vacate an arbitration award on the following four grounds:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. The court may modify or correct an arbitration award on the following three grounds:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the

nothing malleable about "must grant" [language of § 9,] which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)(footnote added). "On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected.'" *Id.* (quoting 9 U.S.C. § 9), *quoted in PTA-FLA, Inc.*, 844 F.3d at 1306. The Arbitration Order has not been vacated, modified, or corrected.

Therefore, defendant's Motion to Reopen Case and to Confirm and Enter Judgment Upon Arbitration Award, (doc. 125), is **GRANTED**. The arbitration award is hereby **CONFIRMED**. A separate Final Judgment will be entered contemporaneously with this Order.

**DONE** this 24th day of April, 2020.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C.A. § 11 (West)